OPINION OF THE COURT
F. Warren Travers, J.
This CPLR article 78 proceeding concerns a Tier III disciplinary hearing held at the Great Meadow Correctional Facility. Petitioner was accused of violations of rules 113.10, 116.10 and 116.11 relating to possession of contraband that may be classified as a weapon, destruction of State property and altered items. The charges arose out of a routine cell check on February 6, 1987 which revealed three carved wooden knives, one altered stringer and one altered State bedsheet.
*42 In accordance with regulations, petitioner selected an "assistant” and met with him on February 8, 1987. At that time, petitioner asked that another inmate, named Rivera, be asked to testify on petitioner’s behalf.
The héaring commenced on February 11, 1987 at which time petitioner pleaded not guilty to violation of rule 113.10 and rule 116.11. Petitioner pleaded guilty to violation of rule 116.10, destruction of State property. At the commencement of the hearing, the Hearing Officer reminded the petitioner that petitioner had requested one witness, a Mr. Rivera. The Hearing Officer then asked, "Okay, anyone else that you’d like to summon.” Petitioner responded, "No, that’s I don’t really need him either”. The Hearing Officer continued, "Okay, but did you want to call this fellow as a”. Petitioner, apparently interrupting, responded "No, I don’t need him.”
After commencement of the hearing, petitioner requested a copy of the charges in Spanish. The hearing was adjourned to comply with this request.
The hearing was recommenced February 19, 1987. At that time, the Hearing Officer stated on the record, "It is my understanding when we adjourned that you wanted me to arrange a witness statement from Mr. Rivera 81-B-0603, who locks in C-4-6 Cell”. Petitioner replied, "Yes”. The Hearing Officer continued, "I wish to advise you that Correction Officer J. Gebo who is attached to the Tier III escort service today has in fact reported to this Hearing Officer that he went to collect Mr. Rivera, 81-B-0603 and that Mr. Rivera declined to become involved in this incident and that he did personally witness and request that he sign the appropriate form indicating that he has refused to testify at this Hearing. Now, the circumstances so that you’ll know is that he does not want to become involved.” Petitioner responded, "Alright.”
Attached to the transcript of the hearing is a form which reads "New York State Department of Correctional Services Great Meadow Correctional Facility. Requested Inmate Witness Refusal to Testify, Tier III Disciplinary Hearing. I, Rivera, 81B603, hereby refuse to testify on behalf of Guadalupe, 85A2962, in his Tier III Hearing for a misbehavior report of 2/6/87 for the following reason(s).”
The form allows three choices, as follows:
"1. Does not want to be involved.
*43 "2. Does not know enough about specific incident to provide relevant testimony.
"3. Other (specify reason)__”
Inmate Rivera put a (/) mark with respect to reason "1”, "Does not want to be involved.”
The form is dated February 6, 1987, but circumstances indicate that the date of February 6, 1987 is a clerical error. The request to have Mr. Rivera as a witness and the refusal occurred sometime between February 11, 1987 and February 19, 1987.
The regulations, 7 NYCRR 253.5, grant the petitioner the right to present witnesses on his own behalf in disciplinary hearings. This is in keeping with the due process rights established by Wolff v McDonnell (418 US 539). The Court of Appeals in Matter of Barnes v LeFevre (69 NY2d 649, 650) held that a "hearsay report of a correction officer that a witness refuses to testify unaccompanied by any reason from the witness proffered to the Hearing Officer for such refusal is not a sufficient basis upon which an inmate’s conditional right to call witnesses can be summarily denied.” The court, in Barnes, pointed out that the record "neither reflects any reason for the witness’ refusal nor any indication of any effort by the respondents to ascertain any reason.”
In the case now before this court, it appears that the respondent made an attempt to comply with the due process requirements and the holding in Barnes (supra). Here, the respondent has provided a form; it gives a reason and is signed by the potential witness; the petitioner was advised by the Hearing Officer that the correction officer did personally witness and request that the witness sign, and petitioner was told that the witness’ reason was that he did not want to get involved.
Concededly, the form is hearsay but, unlike the Barnes case (supra), the record here reflects that there was a reason for the inmate witness’ refusal and efforts were made by respondent to ascertain that reason. All of this was communicated to the petitioner.
Upon a review of the entire record, the court determines that there has been no denial of due process. The petition is dismissed, without costs.